**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FAIRLAND, INC., d/b/a NEW HOME
PRIDE,

            Plaintiff,                   CASE NO. 05-CV-71491

-vs-                              PAUL D. BORMAN
                                     UNITED STATES DISTRICT JUDGE

UNITED STATES FIDELITY &
GUARANTY CO.,

            Defendant.

_____/

**OPINION AND ORDER**
**(1) GRANTING DEFENDANT'S MOTION TO BAR REFERENCES TO "PHANTOM**
**ARSONISTS";**
**(2) DENYING DEFENDANT'S MOTION TO BAR REFERENCES TO ROOF HATCH;**
**(3) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO BAR**
**PLAINTIFF'S "EXPERT" EUGENE RIZZO;**
**(4) DENYING DEFENDANT'S MOTION TO SEQUESTER WITNESSES;**
**(5) DENYING DEFENDANT'S MOTION TO BAR PLAINTIFF'S EXPERT DANIEL**
**CHURCHWARD;**
**(6) GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S WITNESS SAMI**
**LOUISSA;**
**(7) GRANTING DEFENDANT'S MOTION TO BAR PLAINTIFF'S EXPERT GERALD**
**KOLB**

       Before the Court are Defendant's following Motions in Limine:

(1)     To Bar references to "Phantom Arsonists" (Docket No. 25);
(2)     To Bar references to damage to roof hatch (Docket No. 26);
(3)     To Bar Plaintiff's "Expert" Eugene Rizzo (Docket No. 27);
(4)     To Bar all witnesses from the courtroom while not testifying (Docket No. 28);
(5)     To Bar Plaintiff's Expert Daniel Churchward (Docket No. 29);
(6)     To Strike Plaintiff's Witness Sami Louissa (Docket No. 44);
(7)     To Bar Plaintiff's Rebuttal Expert Gerald Kolb (Docket No. 46).

       The Court held motion hearings on December 13, 2006, and on February 21, 2007.

1

**I.      BACKGROUND**

This case involves Defendant's refusal to pay benefits under an insurance policy for the

destruction by fire of Plaintiff's business, due to Defendant's assertion of arson.

Defendant United States Fidelity and Guaranty Company ("Defendant") issued a policy to

Plaintiff Fairland, Inc. (d/b/a a New Home Pride) ("Plaintiff") for the building and personal

property located at 4031 Oakman Boulevard in Detroit, Michigan. The applicable policy was in

effect from August 29, 2003 to August 29, 2004. Plaintiff leased the building from Allie and Jameel

Hilder.

In April 2003, Plaintiff began operating a "dollar" grocery store in the leased premises. A

fire occurred on the premises on November 20, 2003, likely originating in the back storeroom.

Gasoline was also found to be present at the floor level of the back storeroom or near the area of

origin of the fire. Aimer Kato had closed the New Home Pride store on the night of the fire and

activated the security alarm at 8:14 p.m. The alarm system was triggered at 8:23 p.m., and the fire

department arrived at 8:29 p.m.

Subsequent to the fire, Plaintiff made an insurance claim against Defendant, which

Defendant denied. On March 18, 2005, Plaintiff filed a breach of contract action against Defendant

in Wayne County Circuit Court. Defendant removed the case on the basis of diversity on April 15,

2005. In response to Plaintiff's breach of contract claim, Defendant asserts the affirmative defense

of arson.

To prevail on the affirmative defense of arson under Michigan law, a defendant must

establish by a preponderance of the evidence that the plaintiff either set fire to the building or

caused such to be done. *Crossley v. Allstate Ins. Co.*, 139 Mich. App. 464, 469 (1985). "[A]rson

may be established by circumstantial evidence where there is evidence of motive (such as insurance together with business difficulties) and opportunity (such as access to the building), along with independent evidence of the incendiary origins of the fire." *Id.*

## II.    ANALYSIS

### A.    Motion to Bar any Reference to "Phantom Arsonists" and to Strike Plaintiff's Witness Sami Louissa

Defendant motions the Court to exclude any reference to "phantom arsonists," particularly in regards to (1) multiple unknown persons allegedly caught shoplifting at the store, prior to Plaintiff's ownership, three years before the fire; and (2) alleged unknown persons, such as "phantom arsonists," running around inside the store and triggering internal security alarms

Specifically, Defendant objects to the introduction of several Polaroid photographs depicting individuals caught shoplifting, years before the fire, by a previous store owner. Defendant argues that the photographs have not been made part of the record. Defendant further contends that there is no evidence to suggest that any of these previous shoplifters had any motive or opportunity to burn Plaintiff's store. As to the second matter, people "running around" in the store, Defendant points out that Plaintiff's expert Daniel Churchward could not testify with competence that the multiple alarm triggering was caused by people "running around" inside of the store, rather than the fire itself. Therefore, Defendant asks that the Court exclude the photographs and testimony that "phantom arsonists" were involved in the arson of Plaintiff's store.

Defendant also requests that the Court strike Plaintiff's witness Sami Louissa, the previous owner of the store, who would identify the photographs that he took.

Plaintiff responds that the shoplifter photographs should be admitted and offers the testimony of Louissa to authenticate them. Plaintiff argues that the individuals in the photographs,

humiliated by being handcuffed displaying the items they had stolen, possibly would have had a motive to burn Plaintiff's store. Second, as to possible people "running around" triggering alarms, Plaintiff contends that it should be able to introduce evidence to support the theory that the interior store security alarms could have been triggered by multiple burglars inside of the store, instead of Defendant's theory that the fire itself set off the alarms. In support of this theory, Plaintiff relies upon the testimony of Mark Dooda, a representative from the security monitoring system, and Daniel Churchward, Plaintiff's fire investigation expert.

The Court ruled at the December 13, 2006 motion hearing that it would not allow into evidence the photographs of shoplifters caught by the previous owner three years prior to the fire. That ruling stands. Therefore, the Court strikes Plaintiff's witness Louissa, since his testimony would only be relevant on this point.

The Court also precludes Plaintiff's experts from testifying to a speculative theory that the alarm system may have been triggered by multiple individuals "running around" in Plaintiff's store that was experiencing a fire. Both sides concede there was a fire and that the alarms went off. There is no evidence of multiple individuals running around the store. Instead, this is just mere speculation and conjecture, and is not relevant. *See Lanza v. Poretti*, 537 F. Supp. 777, 785 (E.D. Pa. 1982).

Therefore, the Court GRANTS Defendant's Motion to Bar References to "Phantom Arsonists."

**B.      Motion to Bar Any Reference to Damage to Roof Hatch**

Defendant motions the Court to exclude any references to the prior damage to the roof hatch on the top of Plaintiff's building insofar that it would allow for the possibility that some unidentified individual may have entered the store through the roof hatch, and then set the fire.

Defendant points to deposition testimony from the store's previous owner that the store's roof hatch was damaged well before the November 20, 2003 fire. Furthermore, Defendant points to Plaintiff's fire investigation expert's deposition testimony to show that he admitted that he did not know when the roof hatch was damaged. Defendant argues that any reference to the damaged roof hatch would be irrelevant under FRE 401.

Plaintiff responds that testimony concerning the damaged roof hatch is relevant to the issue of opportunity and causation. Plaintiff's expert Daniel Churchward inspected the roof hatch two months after the fire. Churchward testified that there was evidence that there had been a burglary at the time of the fire. (Pl. Resp. Ex. A, Churchward Dep. 48-49).

The Court finds that Defendant's arguments on this point are relevant to the impeachment of Plaintiff's expert opinion, and not to the preclusion of the admission of the roof hatch testimony. Therefore, the Court, having considered the factors in *Daubert* and *Kumho*, DENIES Defendant's Motion to Bar Any Reference to Damage to Roof Hatch.

### C.      Motion to Bar Plaintiff's Accounting Expert Eugene Rizzo

For the reasons stated on the record at the December 13, 2006 motion hearing, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Bar Plaintiff's Accounting Expert Eugene Rizzo. Rizzo can testify as Plaintiff's accountant, but not as an expert.

### D.      Motion to Exclude Witnesses from the Courtroom while not Testifying

The Court DENIES Defendant's Motion to Sequester Witnesses. The parties will be each allowed to have one representative, and their experts can remain in the courtroom during testimony of the adversary's expert. *See Malek v. Federal Ins. Co.*, 994 F.2d 49, 53-54 (2d Cir. 1993).

**E.      Motion to Bar Plaintiff's Expert Daniel Churchward**

Defendant argues that the testimony of Plaintiff's fire causation expert Daniel

Churchward should be excluded because neither of his two theories of the origin of the fire –

either an electrical failure or arson – are only "possibilities" and not "probabilities." Defendant

then contends that since Churchward expresses only "theories" and "possibilities," the Court

should exclude his testimony.

The Court finds that Churchward can testify as an expert, per *Daubert* and *Kumho*, and

that Defendant will have a full opportunity to cross-examine his testimony. Therefore the Court

DENIES Defendant's Motion to Exclude Plaintiff's Expert Daniel Churchward.

**F.      Motion to Bar Plaintiff's Expert Gerald Kolb**

For the reasons stated on the record at the February 21, 2007 motion hearing, the Court

GRANTS Defendant's Motion to Bar Gerald Kolb.

**III.   CONCLUSION**

For the foregoing reasons, the Court:

(1)     **GRANTS** Defendant's Motion to Bar references to "Phantom Arsonists" (Docket No. 25);

(2)     **DENIES** Defendant's Motion to Bar any reference to damage to roof hatch (Docket No. 26);

(3)     **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Bar Plaintiff's "Expert" Eugene Rizzo (Docket No. 27);

(4)     **DENIES** Defendant's Motion to Bar all expert witnesses from the courtroom while not testifying (Docket No. 28);

(5)     **DENIES** Defendant's Motion to Bar Plaintiff's Expert Daniel Churchward (Docket No. 29);

    (6)    **GRANTS** Defendant's Motion to Strike Plaintiff's Witness Sami Louissa (Docket No. 44);

    (7)    **GRANTS** Defendant's Motion to Bar Plaintiff's Rebuttal Expert Gerald Kolb (Docket No. 46).

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 22, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 22, 2007.

s/Denise Goodine
Case Manager